UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
|  | ) |
| v. | ) Cr. No. 09-10216-MLW |
|  | ) |
| GUSTAVO CASTRO-CAICEDO, | ) |
| Petitioner-Defendant. | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                        September 10, 2019

After a jury trial, petitioner-defendant Gustavo Castro-Caicedo was convicted of conspiracy to import cocaine from Colombia into the United States. He was subsequently sentenced to serve 300 months in prison. See Docket No. 258. The First Circuit affirmed both Castro-Caicedo's conviction and sentence. United States v. Castro-Caceido, 775 F.3d 93 (1st Cir. 2014). The Supreme Court denied his petition for certiorari. Castro-Caicedo v. United States, 135 S. Ct. 1884 (2015).

Castro-Caceido, acting pro se, timely filed the instant Motion to Vacate his Sentence pursuant to 28 U.S.C. §2255 (the "Motion"). See Docket No. 335. The Motion, in vague, conclusory terms, alleges ineffective assistance of counsel in four respects. The government filed a detailed Opposition to the Motion. See Docket No. 339. Castro-Caceido filed a brief Reply. See Docket No.

341. He subsequently submitted a "Request to Take Judicial Notice of Adjudicative Facts," which in effect seeks relief based on purportedly newly discovered evidence that he claims demonstrates on his actual innocence. See Docket No. 344.

As Castro-Caiceido is representing himself, the court has liberally construed his pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, for the reasons stated in the government's Opposition (Docket No. 339) as amplified in this Memorandum, Castro-Caceido's claims of ineffective assistance of counsel are each unmeritorious. Therefore, the Motion is being denied. To the extent that Castro-Caceido now seeks relief based on alleged actual innocence, that claim is also unmeritorious.

An evidentiary hearing is not in this case necessary or appropriate. Castro-Caceido's claims are conclusory. This court presided at his trial and recalls it clearly. With this perspective it concludes that the record in this case conclusively refutes Castro-Caceido's claims of ineffective assistance of counsel and actual innocence. Therefore, an evidentiary hearing is not justified. See United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993).

Castro-Caceido makes three claims that his trial counsel were ineffective. First, he asserts without elaboration that he was not advised of the relative merit of pleading guilty rather than going to trial. This contention is belied by, among other things,

2

the fact Castro-Caceido successfully sought the replacement of his first Criminal Justice Act ("CJA") appointed counsel, John Salsberg, because Mr. Salsberg was allegedly "compelling" him to plead guilty. See Docket No. 70. Moreover, after other members of the alleged conspiracy pled guilty, in unauthorized pro se filings, Castro-Caceido stated his desire to go to trial. See Docket No. 75, ¶¶ 8-9. In addition, in response to court orders that counsel for the parties confer, it was repeatedly reported that Castro-Caceido wanted a trial. See, e.g., Docket Nos. 108 at 2; 158.

Castro-Caceido retained Robert Galbois, II to replace his second CJA appointed attorney, Mark Shea. He now alleges that Mr. Galbois did not adequately communicate with him, did not sufficiently investigate before trial, and did not make what would have been meritorious objections at trial. See Motion at 5-6. However, in support of a motion for a bench trial, Castro-Caceido described his extensive discussions with Mr. Galbois. See Docket No. 204-1. Mr. Galbois filed a series of pretrial motions, including a motion to dismiss the indictment, a motion to suppress, and motions in limine. See, e.g., Docket Nos. 121, 141, 151. Many of Castro-Caceido's criticisms of Mr. Galbois' decisions concerning questions to be asked at trial were found to be unmeritorious on appeal. See Castro-Caceido, 775 F.3d at 93. In addition, when questioned at trial about his decision not to

testify at trial, Castro-Caceido stated he was "fully satisfied" with Mr. Galbois' representation of him. Docket No. 314 at 9.

With regard to his sentencing, Castro-Caceido claims that Mr. Galbois did not discuss the Presentence Report with him. See Motion at 7. However, at sentencing, Castro-Caceida stated that he had read it and did not find that anything in it was incorrect. See Docket No. 317 at 5-6. In addition, Castro-Caceido contends that his attorney was ineffective for not arguing that a 300-month sentence would result in unwarranted disparity when compared to the sentences of his co-defendants. See Motion at 7. However, Castro-Caceido and his co-defendants were not similarly situated. His co-conspirators each pled guilty; some cooperated and testified for the government; and the First Circuit found that these facts made Castro-Caceido's much higher sentence reasonable. See Castro-Caceido, 775 F.3d at 103.

To the extent that some of the claims in the Motion "were decided on direct appeal [they] may not be litigated under a different label on collateral review." United States v. Michaud, 901 F.2d 5, 6 (1st Cir. 1990); see also Cabrera v. United States, 972 F.2d 23, 25 (2d Cir. 1992). More fundamentally, to succeed on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must show both deficient performance by counsel and resulting prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Peralta v. United States, 597 F.3d 74, 79 (1st Cir.

2010). A deficient performance is one that falls "outside the wide-range of professionally competent assistance." Strickland, 466 U.S. at 688. To prove prejudice, a petitioner must establish that there is a reasonable probability that but for counsel's deficient performance, the result of the case would have been different. See Porter v. McCollum, 558 U.S. 30, 38-39 (2009). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. See Strickland, 466 U.S. at 694. In this case, Castro-Caceido has neither proven that his counsel's performance was deficient nor that he was prejudiced by any imperfection in it.

Castro-Caceido has also not proven that his appellate counsel, Chauncey Wood, was ineffective. Castro-Caceido's unelaborated assertions that counsel did not communicate with him about the appeal are vague and, even if accepted as true, do not demonstrate that he was prejudiced by any lack of communication. See Motion at 9. Therefore, this contention does not justify relief. Similarly, counsel's alleged "failure to raise stronger issues" on appeal is insufficient. Castro-Caceido does not identify any additional issues that allegedly should have been raised on appeal. In any event, "appellate counsel . . . need not raise every non-frivolous claim, but rather may select among them to maximize the likelihood of success on appeal." Smith v.

Robbins, 528 U.S. 259, 288 (2000); see also Thompson v. Spencer, 111 F. App'x 11, 13 (1st Cir. 2004).

As indicated earlier, the court is liberally construing Castro-Caceido's Request to Take Notice of Adjudicative Facts (Docket No. 344) (the "Request") as a claim for relief based on actual innocence based on newly discovered evidence. It is unmeritorious for several reasons. A motion for relief based on newly discovered evidence is not cognizable under §2255 and, properly construed, is a Federal Rule of Criminal Procedure 33 Motion for a New Trial. See Ruiz v. United States, 221 F. Supp. 2d 66, 72-73 (D. Mass. 2002), aff'd, 339 F.3d 39 (1st Cir. 2003) ("Where a claim for relief based on newly discovered evidence is based on actual innocence, rather than new evidence of a constitutional violation, the claim is not cognizable under §2255 and, properly construed, is a Rule 33 motion.") (citing Guinan v. United States, 6 F.3d 468, 470-71 (7th Cir. 1993); Ruth v. United States, 266 F.3d 658, 660 (7th Cir. 2001); Sims v. United States, 1999 WL 1000855, *2 (6th Cir. 1999)). Such claims must be filed within three years after the verdict. See Fed. R. Crim. P. 33(b)(1); United States v. DiSantos, 86 F.3d 1238, 1250 (1st Cir. 1996). As the jury verdict finding Castro-Caceido guilty was delivered on September 27, 2012, and the Request was not filed until April 2, 2019, the Request is time-barred.

Moreover, Castro-Caceido does not present any evidence that can be correctly characterized as "newly discovered", as the evidence was either known to Castro-Caceido at the time of trial or could have been discovered with due diligence. To serve as a ground for a new trial under Rule 33, the proffered evidence "must have been unknown or unavailable to the defendant at the time of trial" and "the defendant must have been duly diligent in attempting to unearth it." United States v. Conley, 249 F.3d 38, 45 (1st Cir. 2001). The Request first relies on two affidavits. One is Castro-Caceido's own affidavit, in which he disputes evidence presented at trial, including the testimony of one of the government's witnesses. See Request, Exhibit A at 4-11. The information in that affidavit was known to Castro-Caceido at the time of trial. He could have testified at trial, but chose not to do so. In addition, Castro-Caceido has submitted a brief affidavit of co-defendant Hector Castro, which also disputes the testimony of the same witness. See id. at 2-3. However, Castro-Caceido makes no effort to explain why he did not present, or try to present, Castro's testimony at trial.

The Request also attaches a DEA Investigation Report dated September 7, 2011, in which Castro-Caceido appears to have added notes contesting certain statements contained in the report, without any substantiation. See id., Exhibit A at 12-15. As with the affidavits, Castro-Caceido had the opportunity to present

testimony regarding the assertions in these notes at trial, and has failed to explain why he did not do so.

Most significantly, the alleged newly discovered evidence is not material because there was overwhelming evidence that Castro-Caciedo was guilty of conspiracy to import cocaine into the United States. See Conley, 249 F.3d at 45 ("[N]ewly discovered evidence must be material[] and . . . such that its emergence probably will result in an acquittal upon retrial."). This evidence included: testimony of a cooperating co-defendant concerning, among other things, Castro-Caceido's personal involvement in paying $20,000 for one shipment of cocaine delivered to the Bahamas; numerous wire-tapped telephone conversations, some of which included Castro-Caceido speaking to his codefendants and others; and the testimony of a seaman who identified Castro-Caceido and stated that Castro-Caceido had twice hired him to smuggle drugs into the United States. See generally Docket Nos. 312, 313.

There was also additional evidence to prove that a goal of Castro-Caceido's conspiracy was to smuggle cocaine into the United States. It included co-conspirators making coded references to New Orleans and other locations in the United States; Castro-Caceido requesting that money be sent to him from Miami; and evidence that Castro-Caceido had lived in the United States. In addition, there was expert testimony that little cocaine was consumed in the Bahamas, and that most of the cocaine shipped there

was intended for distribution in the United States. See generally Docket Nos. 311, 312. Given the weight of the evidence presented against Castro-Caceido at trial, the court does not find that this purportedly "newly discovered evidence" is material, because it would not "probably . . . result in an acquittal upon retrial." Conley, 249 F.3d at 45; see also United States v. Martinez-Mercado, 261 F. Supp. 3d 293, 298-99 (D.P.R. 2017), aff'd, 919 F.3d 91 (1st Cir. 2019) ("The Court examines newly discovered evidence within the context of the record as a whole . . . .") (quotations omitted).

The court finds the evidence concerning Castro-Caceido's involvement in the alleged conspiracy to be credible and convincing. Therefore, it concludes that Castro-Caceido was not actually innocent. Nor was he prejudiced by any purported deficiency of his trial counsel, who the court characterized as "highly professional" at the conclusion of the trial, or by his appellate counsel. Docket No. 315 at 105.

In view of the foregoing, and for the reasons more fully set forth in the attached United States' Opposition to Defendant's Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. §2255 (Docket No. 339), which is hereby incorporated in this Memorandum, the Motion (Docket No. 335) and the Request to Take Judicial Notice (Docket No. 344) are each hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE