UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                                  )
                                  )     Cr. No. 09-10216-MLW
        v.                   )
                                  )
GUSTAVO CASTRO-CAICEDO,       )
    Defendant.               )

MEMORANDUM AND ORDER

September 8, 2022

WOLF, D.J.

After a jury trial, defendant Gustavo Castro-Caicedo was convicted of conspiracy to import or manufacture and distribute with intent to import at least five kilograms of cocaine from Colombia into the United States. See Sept. 27, 2012 Jury Verdict (Dkt. No. 241). This conviction required a mandatory minimum sentence of at least 240 months in prison. See Judgment (Dkt. No. 258) at 7. On December 20, 2012, the court sentenced Castro-Caicedo to 300 months in prison followed by 120 months of supervised release. See id. at 2-3; see also Sentencing Hearing Transcript (Dkt. No. 317) ("Tr.") at 40:20-41:1. The First Circuit affirmed both Castro-Caicedo's conviction and sentence. See United States v. Castro-Caicedo, 775 F.3d 93 (1st Cir. 2014), cert. denied, 135 S. Ct. 1884 (2015).

I. THE MOTION FOR REDUCTION OF SENTENCE

On August 9, 2021, Castro-Caicedo filed a pro se Motion to Modify or Reduce [his] Sentence under 18 U.S.C. §3582(c)(2) and

U.S.S.G. Amendment 782. See Dkt. No. 348 (the "2021 Motion").[1] In 2014, the Sentencing Guidelines were amended to authorize retroactive relief for defendants, like Castro-Caicedo, convicted of certain drug offenses covered by U.S.S.G. §2D1.1. See U.S.S.G. App. C, Amend. 782 (2014).[2]

In determining whether a sentence reduction is warranted under §3582(c)(2), courts follow a two-step approach. "First, the court determines 'the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.'" United

---

[1] Castro-Caicedo subsequently filed two additional pro se documents in support of the 2021 Motion. See Request for Judicial Notice and Clarification of Relief Sought (Dkt. No. 353) ("Request for Judicial Notice"); Objection to the Government's Response (Dkt. No. 354) ("Objection"). In these documents, Castro-Caicedo raises a new argument disputing the court's jurisdiction. See Request for Judicial Notice at 2-3; Objection at 2. More specifically, he asserts that he is unlawfully detained because "all of the alleged criminal conduct was committed outside of the jurisdiction of the United States." Request for Judicial Notice at 2.

The court is not considering this argument for two reasons. First, "[n]ew arguments may not be raised for the first time in a reply brief." Villoldo v. Castro Ruz, 821 F.3d 196, 206 n.5 (1st Cir. 2016); see also McCoy v. Massachusetts Inst. of Tech., 950 F.2d 13, 22 n.7 (1st Cir. 1991). More significantly, these issues are not properly raised in a motion for sentence reduction pursuant to §3582(c)(2). To the extent Castro-Caicedo wishes to challenge the court's jurisdiction, these claims should be raised in a petition for habeas corpus under 28 U.S.C. §2255.

[2] "This amendment revises the [G]uidelines applicable to drug trafficking offenses by changing how the base offense levels in the Drug Quantity Table in §2D1.1 (Unlawful Manufacturing, Importing, Exporting or Trafficking (Including Possession with Intent to Commit These Offenses)) incorporate the statutory mandatory minimum penalties for such offenses." U.S.S.G. App. C, Amend. 782 (2014).

States v. Zayas-Ortiz, 808 F.3d 520, 523 (1st Cir. 2015) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). Second, the court "must weigh the §3553(a) factors 'and determine whether, in its discretion, the reduction' is 'warranted in whole or in part under the particular circumstances of the case.'" United States v. Rodriguez-Rosado, 909 F.3d 472, 479 (1st Cir. 2018) (quoting Dillon, 560 U.S. at 827). At this stage, the court should consider potential threats to public safety posed by a reduction of the defendant's sentence. See id.; U.S.S.G. §1B1.10 App. Note 1(B)(ii).

Castro-Caicedo is not eligible for a sentence reduction pursuant to §3582(c)(2). A sentence reduction is not authorized where, as here, "the amendment does not have the effect of lowering the defendant's applicable [G]uideline range because of the operation of another [G]uideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. §1B1.10 App. Note 1(A); see also U.S.S.G. §5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable [G]uideline range, the statutorily required minimum sentence shall be the [G]uideline sentence.").

At Castro-Caicedo's sentencing hearing, the court first explained that the Guideline range would have been "168 to 210 months, if there were not the [240 month] mandatory minimum [which the court has] already found applies." Dec. 20, 2012 Tr. at 22:10-

3

11. The court then stated that the correct Guideline range, "based on the rulings [the court has] made, is 240 months." Id. at 22:21-23; see also Judgment (Dkt. 258) at 7 (stating the court's determination of the Guideline range to be "240 months because of [the] 20 year mandatory minimum").

The Supreme Court has held that defendants "do not qualify for sentence reductions under §3582(c)(2) [when] their sentences were not 'based on' their lowered Guideline[] ranges but, instead, were 'based on' their mandatory minimums" and factors warranting a downward departure. Koons v. United States, 138 S. Ct. 1783, 1788 (2018). The Court explained that the defendants' sentences were not based on the lowered Guideline range when the sentencing "court concluded that the mandatory minimum superseded the Guideline[] range [and then] discarded the advisory ranges in favor of the mandatory minimum sentences." Id. at 1787.

Here, as in Koons, the court did not base Castro-Caicedo's sentence on the now-lowered Guideline range because the Guidelines "explicitly call[ed] for the ranges to be tossed aside." Id. at 1788; see also U.S.S.G. §5G1.1(b). In addition, when explaining the reasons for the sentence, the court did not mention the now-lowered Guideline range. Rather, the court stated that "[t]his sentence is 5 years longer than the limited [G]uideline range [because] 20 years, in [this] case, [is not] sufficient for [Castro-Caicedo] or for sending the message that needs to be sent,

but particularly for [Castro-Caicedo] as a unique individual."
Dec. 20, 2012 Tr. at 45:19-46:1. The court also stated that this
was "the same sentence [the court] would have given if [he] was
subjected only to a 10-year mandatory minimum." Id. at 41:23-24.
Therefore, as in Koons, "the court scrapped the ranges in favor of
the mandatory minimums, and never considered the ranges again."
138 S.Ct. at 1788. Accordingly, Castro-Caicedo's sentence was not
based on the now-lowered Guideline range.

Moreover, even if Castro-Caicedo were eligible for a sentence
reduction under §3582(c)(2), a reduction is not "warranted . . .
under the particular circumstances of the case." Rodriguez-Rosado,
909 F.3d at 479 (quoting Dillon, 560 U.S. at 827). At this stage
of the inquiry, the court is required to consider the applicable
18 U.S.C. §3553(a) factors, including the need to protect the
public. See Zayas-Ortiz, 808 F.3d at 524; see also U.S.S.G. §1B1.10
App. Note 1(B)(ii) (directing courts to "consider the nature and
seriousness of the danger to any person or the community that may
be posed by a reduction" in the defendant's sentence).

At sentencing, the court explained that a 300-month sentence
was justified by the 18 U.S.C. §3553(a) factors that must be
considered in determining the most appropriate sentence. See Dec.
20, 2012 Tr. at 41:20-47:14. In particular, the court repeatedly
emphasized that the sentence was intended to "protect the community
from danger" because Castro-Caicedo's failure to accept

5

responsibility for his convictions indicated that he was "still dangerous" and a "real risk to commit more crimes." Id. at 44:3-15; see also id. at 45:15-18 ("[T]his sentence is intended to protect the public in the United States from other crimes by [Castro-Caicedo] because the comments [he] just made indicate [that] if [he] were let out, [he] would again be dangerous."); Judgment (Dkt. No. 258) at 8 ("Defendant's statement at sentencing demonstrates he accepts no responsibility for any of the crimes for which he has ever been convicted. He, therefore, remains dangerous[.]").

Castro-Caicedo offers no argument as to why the court's analysis of the §3553(a) factors at sentencing should be different today. Moreover, in the 2021 Motion, Castro-Caicedo repeatedly denies any responsibility for the crime of his conviction. See Motion (Dkt. No. 348) at 2-4. Accordingly, the court is not persuaded that Castro-Caicedo is no longer dangerous or that a reduction in his sentence would not pose a threat to public safety. Therefore, a sentence reduction is not "warranted . . . under the particular circumstances of this case." See Dillon, 560 U.S. at 827.

In addition, on March 21, 2022, Castro-Caicedo filed a pro se motion requesting a status report or hearing on the 2021 Motion. See Dkt. No. 355. However, the court finds that a status conference or hearing is not necessary because it is evident that Castro-

Caiecedo is not entitled to the relief he seeks. Cf. Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974) (in a 28 U.S.C §2255 proceeding, a hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is [not] entitled to relief.").

## II. THE MOTION FOR A NEW TRIAL

The court has also considered Castro-Caicedo's 2019 pro se Motion for a New Trial (Dkt. No. 346) (the "2019 Motion") based on newly discovered evidence. Federal Rule of Criminal Procedure 33(b)(1) provides that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." The jury verdict finding Castro-Caicedo guilty was returned on September 27, 2012, and the 2019 Motion was filed on September 24, 2019, seven years later. Therefore, the 2019 Motion is time-barred.[3]

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court must "issue or deny a certificate of

---

[3] In addition, the 2019 Motion presents the same evidence that the court rejected as grounds for a new trial in its September 10, 2019 Order. See Dkt. No. 345 at 7. More specifically, the 2019 Motion relies on the same affidavit from co-defendant Hector Castro that the court considered when denying Castro-Caicedo's previous motion for a new trial. See id.; 2019 Motion, Ex. A (Dkt. No. 346-1); Request to Take Judicial Notice of Adjudicative Facts, Ex. A (Dkt. No. 344-1) (construed by the court as a motion for a new trial based on newly discovered evidence).

appealability when it enters a final order adverse to the applicant." To receive a certificate of appealability, a petitioner must make "a substantial showing of a denial of a constitutional right." See 28 U.S.C. §2253(c)(2). In other words, a certificate of appealability is warranted if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A claim can be debatable "even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that petitioner will not prevail." Id.

The court finds that no reasonable jurist would conclude that Castro-Caicedo is eligible for a sentence reduction pursuant to §3582(c)(2). Therefore, the court is denying a certificate of appealability on Castro-Caicedo's claim. He may seek a certificate of appealability from the Court of Appeals for the First Circuit. See §2255 Rule 11(a).

In view of the foregoing, it is hereby ORDERED that:

1. The defendant's Motion to Modify or Reduce Sentence under 18 U.S.C. §3582(c)(2) (Dkt. No. 348) is DENIED.

2. The defendant's Motion for a New Trial (Dkt. No. 346) is DENIED.

3. The defendant's Motion for Status Report or Hearing (Dkt. No. 355) is DENIED.

4. A Certificate of Appealability is DENIED.


UNITED STATES DISTRICT JUDGE