UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Cr. No. 09-10216-MLW |
| v. | ) |
| | ) |
| GUSTAVO CASTRO-CAICEDO, | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                  May 29, 2024

After a jury trial, defendant Gustavo Castro-Caicedo was convicted in 2012 of conspiracy to import or manufacture at least five kilograms of cocaine from Colombia into the United States. See Sept. 27, 2012 Jury Verdict (Dkt. No. 241). This conviction required a mandatory minimum sentence of 240 months in prison. See Judgment at 7 (Dkt. No. 258). On December 20, 2012, the court sentenced Castro-Caicedo to 300 months in prison followed by 120 months of supervised release. See id. at 2-3. The First Circuit affirmed Castro-Caicedo's conviction and sentence. See United States v. Castro-Caicedo, 775 F.3d 93 (1st Cir. 2014), cert. denied, 135 S.Ct. 1884 (2015).

On April 19, 2016, Castro-Caicedo filed a Motion to Vacate his Sentence (the "2016 Motion") pursuant to 28 U.S.C. §2255. See 2016 Motion (Dkt. No. 335). On September 10, 2019, the court ruled that the 2016 Motion was unmeritorious and denied it. See Sep. 10,

2019 Order at 2 (Dkt. No. 345). Castro-Caicedo subsequently filed two applications for Leave to File a Second or Successive §2255 Motion in the First Circuit, both of which were denied. See Apr. 7, 2020 USCA Judgment (Dkt. No. 347).[1]

On August 9, 2021, Castro-Caicedo filed pro se a Motion to Vacate or Reduce Sentence pursuant to 18 U.S.C. §3582(c)(2) (the "2021 Motion") (Dkt. No. 348). In support of the 2021 Motion, Castro-Caicedo filed two additional documents. See Request for Judicial Notice (Dkt. No. 353); Objection to Government's Response (Dkt. No. 354) (jointly, the "Supporting Documents"). In the Supporting Documents, Castro-Caicedo claimed, for the first time, that the court lacked jurisdiction over his criminal case. See Request for Judicial Notice at 2 ("Petitioner did not commit any crimes against the laws of the United States as all of the alleged criminal conduct was committed outside of the jurisdiction of the United States as set forth in 18 U.S.C. [§7]."). On September 8,

---

[1] In denying the applications, the First Circuit held that:

> Because the applications d[id] not identify any "new rule of law" that would provide a basis for relief under 28 U.S.C. §2255(h)(1), and the "new evidence" identified would not, if proven, "be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," id. §2255(h)(2), it fails to satisfy the applicable gatekeeping requirements. See id. §2244(b)(3)(C); Evans-Garcia v. United States, 744 F.3d 235, 237 (1st Cir. 2014).

Apr. 7, 2020 USCA Judgment.

2022, the court denied the 2021 Motion, stating: "To the extent Castro-Caicedo wishes to challenge the court's jurisdiction, these claims should be raised in a petition for habeas corpus under 28 U.S.C. §2255." Mem. & Order at 2 n.1 (Dkt. No. 357).

On October 10, 2023, Castro-Caicedo filed pro se a Motion for Relief of Judgment (the "2023 Motion") (Dkt. No. 359). In the 2023 Motion, Castro-Caicedo seeks to have his conviction vacated pursuant to Fed. R. Civ. P. 60(b)(4) ("Rule 60(b)(4)"). See 2023 Motion at 1. Castro-Caicedo argues that his conviction is void because the court "never possessed subject matter jurisdiction and personal jurisdiction" over him. Id. at 1.

Castro-Caicedo may not attack his criminal conviction pursuant to Rule 60(b)(4), which is a rule of civil, not criminal, procedure. See United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999) ("Federal Rule of Civil Procedure 60(b) . . . simply does not provide for relief from a judgment in a criminal case."). However, as Castro-Caicedo is representing himself, the court must liberally construe his pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Because Castro-Caicedo argues that his conviction must be vacated because the district court lacked subject matter jurisdiction and personal jurisdiction, it is most appropriate to construe Castro-Caicedo's motion as seeking relief under §2255 rather than Rule 60(b)(4). See 28 U.S.C. §2255(a) (prisoners may seek release from custody on ground that court lacked

jurisdiction); cf. Moore v. United States, 871 F.3d 72, 75 n.2 (1st Cir. 2017) (discussing treatment of motion to "Vacate Sentence as Void" brought under Rule 60(b)(4) as a §2255 motion).

However, under §2255(h), "[a] second or successive [§2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."[2] 28 U.S.C. §2255(h) (emphasis added). This court denied Castro-Caicedo's first §2255 motion in 2019. See Sep. 10, 2019 Order. A second motion has not been authorized by the First Circuit. "When faced with a second or successive §2255 petition that has not been authorized by the court of appeals, a district court must either dismiss the petition or transfer it to the court of appeals." Bucci v. United States, 809 F.3d 23, 26 (1st Cir. 2015). Even though the court is construing the 2023 Motion as seeking relief under §2255 rather than Rule 60(b)(4), it lacks jurisdiction to decide a second §2255 petition that has not been certified by the First Circuit, and, therefore, must either deny the 2023 Motion or transfer the petition to the First Circuit. See id. As the First Circuit has already denied Castro-Caicedo's application for leave to file a second §2255 petition, see Apr. 7, 2020 USCA Judgment, a transfer would be futile and an unnecessary imposition on the First Circuit.

---

[2] The second or successive motion must be certified as containing "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. §§2255(h)(1)-(2).

4

Therefore, the 2023 Motion (Dkt. No. 359) is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE