UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,            )
                                     )
                                     )
          v.                         )   Cr. No. 09-10216-MLW
                                     )
GUSTAVO CASTRO-CAICEDO,               )
     Defendant.                      )

MEMORANDUM AND ORDER

WOLF, D.J.                                    October 15, 2024

On May 29, 2024, the court issued a Memorandum and Order denying defendant Gustavo Castro-Caicedo's pro se Motion for Relief from Judgment (Dkt. No. 359). See Dkt. No. 365. On October 4, 2024, the United States Court of Appeals for the First Circuit entered an order requesting that this court "issue or deny a certificate of appealability within two weeks" and "forward its decision to this court." See Dkt. No. 375.

Pursuant to 28 U.S.C. §2253(c)(1)(B), a defendant may not appeal a final order in a §2255 proceeding unless the district court first issues a Certificate of Appealability ("COA") or the Court of Appeals authorizes it. This court may only issue a COA if a defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A movant "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). This standard presents "a low bar." Pinero v. Medeiros, 381 F.Supp.3d 169, 171 (D. Mass. 2019). Nevertheless, a movant "seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." Miller-El, 537 U.S. at 338 (quotation marks and citation omitted).

Castro-Caicedo has not satisfied this standard because jurists of reason could not debate whether this court lacks jurisdiction over his motion. See Miller-El, 537 U.S. at 327; cf. Burnham v. Evangelidis, 411 F.Supp.3d 126, 130 (D. Mass. 2019) (denying request for COA where "reasonable jurists could [not] debate whether [the defendant's] claims were exhausted or good cause existed to excuse the lack of exhaustion"). For the reasons discussed in more detail in this court's May 29, 2024 Memorandum and Order, this court lacks jurisdiction to decide Castro-Caicedo's successive motion for relief from his judgment because it has not been certified by the First Circuit. See Dkt. 365 at 3-4. Additionally, the First Circuit previously denied Castro-Caicedo's earlier motion for leave to file a successive 2255 petition rendering a transfer of the current motion to the First Circuit futile or an unnecessary imposition on that court. See id.

2

Castro-Caicedo may nevertheless seek a certificate of appealability from the First Circuit pursuant to Federal Rule of Appellate Procedure 22. <u>See</u> Rules Governing Section 2255 Proceedings, Rule 11(a).

Therefore, for the reasons stated in the May 29 Memorandum and Order and the additional reason that Mr. Castro-Caicedo has not made a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), it is hereby ORDERED that a Certificate of Appealability is DENIED.

UNITED STATES DISTRICT JUDGE

3